UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BING CHEN, et al.,

    Plaintiffs,

        v.                        CASE NO. 3:26-CV-301-GSL-SJF

UNIVERSITY OF NOTRE DAME,

    Defendant.

**ORDER**

Before the Court is Defendant the University of Notre Dame's Notice of Additional Papers and Motion for Deadline to Respond filed on April 3, 2026. Notre Dame explains that Plaintiffs Bing Chen and Jie Chen, who are proceeding in this case without a lawyer, emailed two documents to counsel for Notre Dame on March 16, 2026: (1) a filing titled Supplemental Memorandum Regarding Transfer and in Further Opposition to Defendant's Motion to Dismiss and (2) a Motion for Preliminary Injunction to Halt Further Extrajudicial Republication, Promotion, and Continuing Dissemination of the Challenged Accusations. Notre Dame has included these documents as Exhibit A and Exhibit B to its Notice. [DE 42-1, DE 42-2]. As of this date, however, these filings have not been received by the Court. This has caused some disagreement between the parties as to whether Notre Dame is obligated to respond to the filings. Notre Dame thus requests that the Court order the Clerk to docket the filings and afford Notre Dame until April 20, 2026, to file any response to these filings.

But Federal Rule of Civil Procedure 5 mandates that motions must be served on every party *and* filed with the Court. *See* Fed. R. Civ. P. 5(d)(1)(A); (d)(2). Moreover, Plaintiffs were previously advised that documents like these needed to be filed with the Court. [DE 19]. In this Court, parties proceeding pro se—like Plaintiffs are here—must file documents by mailing them to the Clerk. As the two filings at issue in Notre Dame's Notice have not been properly filed, the Court declines to direct the Clerk to docket them. Moreover, even if the Court were inclined to docket the filings, the Court cannot docket the filings as presented in the Notice because they are unsigned. Federal Rule of Civil Procedure 11(a) requires that *pro se* parties personally sign every pleading, written motion, or other paper filed with the Court. Yet there are no signatures on either filing, which violates Rule 11(a).

For these reasons, the Court **DECLINES** to direct the Clerk to docket the two filings attached to Notre Dame's Notice. [DE 42-1 and DE 42-2]. As the filings will not be docketed, Notre Dame's request for an extension of time to respond to the filings is moot. Plaintiffs are **ADVISED** that they must file these documents with the Court if they wish for them to be considered.

**SO ORDERED** this 6th day of April 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge

2