**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

BING CHEN, et al.,

    Plaintiffs,

        v.                            CASE NO. 3:26-CV-301-GSL-SJF

UNIVERSITY OF NOTRE DAME,

    Defendant.

**ORDER**

Before the Court is Defendant's Motion to Strike Sur-Replies seeking an order striking two filings submitted by Plaintiffs: Plaintiffs' Sur-Reply Opposing Defendant's Motion to Dismiss [DE 31] and Plaintiffs' Supplemental Memorandum Regarding Transfer and In Further Opposition to Defendant's Motion to Dismiss [DE 45]. As explained below, Defendant's motion will be granted, and both filings will be stricken.

On December 3, 2025—before Plaintiffs' case was transferred to this Court—Plaintiffs filed their Sur-Reply Opposing Defendant's Motion to Dismiss that had been filed on September 9, 2025. This Court's local rules permit parties to file a supporting brief, a response, and a reply to a motion to dismiss, but do "not contemplate the filing of a surreply or response to the reply brief." *Lafayette Life Ins. Co. v. City of Menasha, Wis.*, No. 4:09 cv 64, 2010 WL 4553667, at *1 (N.D. Ind. Nov. 3, 2010); N.D. Ind.LR. 7-1(d)(2). Plaintiffs filed the surreply while the case was still pending in the United States District Court for the Southern District of Indiana, but that Court's local rules also do not authorize such a filing. *See* S.D. Ind. L.R. 7- 1(c)(2). Thus, a surreply may be filed

only after the Court grants a party leave, or permission, to do so. *Adams v. Atl. Richfield Co.*, No. 2:18-CV-375-PPS-JPK, 2022 WL 22934323, at *1 fn. 1 (N.D. Ind. Dec. 1, 2022). Yet Plaintiffs filed this surreply without first seeking the Court's leave.

Plaintiffs' Supplemental Memorandum Regarding Transfer and in Further Opposition to Defendant's Motion to Dismiss raises the same issues. Like Plaintiffs' surreply discussed above, the Court's local rules do not contemplate the filing of supplemental memoranda in connection with a motion to dismiss. *See* N.D. Ind. LR. 7-1(d)(2). Nor do the Court's local rules authorize such filings in connection to other types of motions. *See* N.D. Ind. L.R. 7-1(d)(3). Thus, like Plaintiffs' surreply, this filing required the Court's leave, which Plaintiffs failed to seek.

"[I]t is within the district court's discretion to strike an unauthorized filing." *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994). As both filings are not permitted by the local rules and were filed without first seeking the Court's leave, the Court now **GRANTS** Defendant's Motion to Strike Sur-Replies [DE 47] and **STRIKES** Plaintiffs' Sur-Reply Opposing Defendant's Motion to Dismiss [DE 31] and Plaintiffs' Supplemental Memorandum Regarding Transfer and In Further Opposition to Defendant's Motion to Dismiss [DE 45].

**SO ORDERED** this 27th day of April 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge

2