UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BING CHEN, et al.,

    Plaintiffs,

    v.                                                                 Case No. 3:26-CV-301-GSL-SJF

UNIVERSITY OF NOTRE DAME,

    Defendant.

## OPINION AND ORDER

### *Background*

On February 19, 2025, Plaintiffs filed their Complaint in this matter. Since then, multiple motions by both parties have been filed, including a Motion to Dismiss by Defendant. However, before any of the motions may be evaluated on their merits, the Court must first determine whether standing under Article III has been appropriately satisfied.

### *Legal Standard*

Article III of the U.S. Constitution limits the jurisdiction of federal courts. *Browne v. Equifax Info. Servs. LLC*, 2025 U.S. Dist. LEXIS 228516, at *3-4 (Nov. 19, 2025) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423-24 (2021)). The power of federal courts is confined to "cases" and "controversies." *Browne*, 2025 U.S. Dist. LEXIS 228516, at *3-4 (citing *TransUnion LLC*, 594 U.S. at 423). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *Browne*, 2025 U.S. Dist. LEXIS 228516, at *3-4 (citing *TransUnion LLC*, 594 U.S. at 423). And, for there to be standing, the plaintiff must demonstrate "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant;

and (iii) that the injury would likely be redressed by judicial relief." *Browne*, 2025 U.S. Dist. LEXIS 228516, at \*3-4 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Requiring a "personal stake" in the case ensures "that the named plaintiff was actually injured and is entitled to an adjudication of the claim asserted, not merely abstractly distressed by unfounded fears or a wrong suffered by the public at large." *Maldonado v. Pro. Animal Ret. Ctr.*, 2026 U.S. Dist. LEXIS 75758, at \*8 (N.D. Ind. Apr. 1, 2026) (citing *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154, 156 (4th Cir. 2000)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *LJM Partners, Ltd. v. Barclays Cap., Inc.*, 165 F.4th 552, 565 (2026) (quoting *Lujan*, 504 U.S. at 560). Although concrete injuries may be tangible or intangible, they must be "real[] and not abstract." *Spokeo, Inc. v. Robins,* 578 U.S. 330, 340 (2016) (internal quotation marks omitted). In other words, an injury "must actually exist." *Id.*

The plaintiff has the burden of establishing that an actual case or controversy exists, *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013), and he must make the required showing "with the manner and degree of evidence required at the successive stages of the litigation…". *Maldonado*, 2026 U.S. Dist. LEXIS 75758, at \*8 (citing *Lujan v*, 504 U.S. at 561). To determine whether standing exists, the Court must look to the allegations "alleged in [Plaintiff's] [C]omplaint." *Browne*, 2025 U.S. Dist. LEXIS 228516, at \*4 (citing *Pennell v. Global Trst Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021)) (internal quotations omitted) (holding that "[w]hen courts analyze standing, allegations matter[, therefore] ... [w]hat matters here, then, is what [is] alleged in [the] operative complaint").

*Discussion*

Here, the standing analysis turns on whether Plaintiffs have shown that they suffered invasions of a legally protected interest that are concrete and particularized and actual or imminent, not conjectural or hypothetical. *LJM Partners, Ltd.,* 165 F.4th at 565 (quoting *Lujan*, 504 U.S. at 560).

Plaintiffs' Complaint contains very few allegations involving Plaintiffs themselves; largely, the Complaint references alleged harms to "mainland China" and Chinese people generally. There are only six paragraphs in which Plaintiffs identify harm they have suffered. Each are discussed below.

Paragraph 71 alleges that "defendants deliberately fabricated or spread false information and spread lies that slander and demonise China and the Chinese people, The plaintiff is also deeply harmed by this." [DE 1, Pages 31-32 ¶ 71]. This appears to be more of a "wrong suffered by the public at large," rather than an actual harm to Plaintiff. *See Maldonado*, 2026 U.S. Dist. LEXIS 75758, at *8 (citing *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154, 156 (4th Cir. 2000)). This is especially true where Plaintiffs have not identified how they have been demonized, or how the slander has personally caused harm to them. This is not an injury sufficient to satisfy the requirements of standing under Article III.

Paragraph 92 alleges that the defendant "made false statements that were believed by some Chinese children in the USA, causing them serious emotional distress and undermining their connection to their Chinese heritage. The plaintiffs encountered this problem." [DE 1, Pages 38-39 ¶ 92]. Here again, Plaintiffs' pleading appears to implicate the Chinese public at large, and does not identify how they specifically were impacted. Plaintiffs do not identify the concrete harm they suffered, as they are not children nor do they appear to believe the alleged

3

false statements made by Defendant, so this is not an injury sufficient to satisfy the requirements of standing under Article III.

Paragraph 96 alleges that Plaintiffs' reputations were directly harmed by "defendant's claim that alleged crimes of human rights violations, crimes against humanity, genocide, and forced labor against Uyghur and other ethnic minorities…" were being committed in Xinjiang. [DE 1, Page 40 ¶ 96]. The Court fails to see how Plaintiffs' reputations were in-fact harmed, nor have Plaintiffs provided any additional allegations or evidence in support of this assertion. This is not an injury sufficient to satisfy the requirements of standing under Article III.

Paragraph 99 alleges that because of Defendant's amicus brief filed in the Court of Argentina, "plaintiffs becomes[sic] a victim of these false accusations, Social reputation is damaged, feeling angry and painful, Teaching children about racial identity becomes a problem. In the interest of truth and justice, our lawsuit is primarily for ourselves and also represents all Chinese Americans and mainland Chinese compatriots." [DE 1, Page 41 ¶ 99]. First, much like the other allegations in their Complaint, this appears focused on the alleged harms suffered by Chinese people generally, not Plaintiffs. Second, Plaintiffs provide no evidence or further allegations supporting their assertion that they themselves have suffered false accusations and that their social reputations have been harmed. The same is true of paragraph 107, alleging that Plaintiffs' reputations have been damaged. [DE 1, Page 46 ¶ 107]. For these reasons, these also are not injuries sufficient to satisfy the requirements of standing under Article III.

Plaintiffs cite *State v. Brady* (1890) to support the proposition that libel need not be on a particular person or persons, like Plaintiffs, but may be upon a family, or a class of persons, like Chinese people generally, if the publication has goals to stir up riot and disorder and incite a breach of the peace. [DE 1, Page 44 ¶ 103]. First, libel is a specific claim which not all of

4

Plaintiffs' allegations support. Second, there are no supporting allegations, or any evidence, that Defendant's goal in filing their amicus brief in the Court of Argentina was to, in-fact, stir up "riot and disorder" or incite a "breach of the peace." This caselaw does nothing to support Plaintiffs' arguments on standing.

<div align="center"><em>Conclusion</em></div>

Plaintiffs have failed to establish standing. For this reason, their case is DISMISSED.

SO ORDERED.

ENTERED: June 1, 2026

<div style="margin-left:50%">/s/ GRETCHEN S. LUND<br>Judge<br>United States District Court</div>

<div align="center">5</div>