UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BING CHEN, et al.,

    Plaintiffs,

v.

UNIVERSITY OF NOTRE DAME,

    Defendant.

Case No. 3:26-CV-301-GSL-SJF

## OPINION AND ORDER

*Background*

On June 1, 2026, this Court dismissed Plaintiffs' Complaint due to lack of Article III standing. [DE 60]. The Clerk issued the entry of judgment on June 3, 2026. [DE 61]. Since then, and despite the case being closed, Plaintiffs have filed several additional motions, including a Motion to Alter or Amend Judgment under Rule 59(e). [DE 62]. Defendant responded at [DE 65]. For the reasons below, Plaintiffs' Motion is DENIED.

*Legal Standard*

Relief under Rule 59(e) is generally reserved for "extraordinary cases," *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 521 (7th Cir. 2015), and for a motion to be successful, the movant must clearly establish: "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 924, 929 (7th Cir. 2025) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)). A "manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *SRS Distrib. Inc. v. Rieber Contr.*

*Inc.*, 2026 U.S. Dist. LEXIS 40772, at *6 (N.D. Ind. Feb. 27, 2026) (citing *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)) (internal quotation marks omitted).

*Discussion*

As an initial matter, Plaintiffs' submission does not comply with this district's local rules. Plaintiffs' 23-page single spaced Motion violates Local Rule 5-5(a)(5), which mandates that filings be double spaced. N.D. Ind. L.R. 5-5(a)(5). Plaintiffs also violated Local Rule 7-1(e), which sets a strict 25-page, but double-spaced, limit. N.D. Ind. L.R. 7-1(e). It should be noted that the enforcement of Local Rules is a matter firmly within this Court's discretion. *Coglianese v. Feiwell*, 2008 U.S. Dist. LEXIS 87890, at *15 (N.D. Ind. Oct. 29, 2008) (citing *Weibrecht v. Southern Ill. Transfer, Inc.*, 241 F.3d 875, 881 (7th Cir. 2001)). This includes denying Plaintiffs' Motion solely for failure to adhere to the local rules. *See Ware v. Freeman-Wilson*, 2016 U.S. Dist. LEXIS 15459, at *9 (N.D. Ind. Feb. 9, 2016) ("Due to [plaintiff's] failure to follow federal and local rules, the Court denies the motion."). While the Court declines to deny this Motion outright, Plaintiffs should be warned that failure to comply with this district's local rules will not be tolerated in the future.

Additionally, Plaintiff Bing Chen is proceeding pro se, and therefore, may not represent other parties; he may only represent himself. *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) ("[Plaintiff] was free to represent himself, but as a non-lawyer he has no authority to appear as [another litigant's] legal representative."). *See Rodgers v. TransUnion, LLC*, 2026 U.S. Dist. LEXIS 120470, at *11 (N.D. Ind. May 12, 2026) ("Plaintiff is proceeding pro se without a lawyer in this case and as such, [he] cannot bring claims on behalf of others on a class basis or otherwise represent any other person in federal court.").

2

Beyond these issues, Plaintiffs' arguments have no merit. First, Plaintiffs contend that the Court erred by requiring them to show evidence of their alleged injuries. [DE 62, Pages 8, 10]. Plaintiffs argue that at the pleading stage, "the standing inquiry must be based on the factual allegations in the operative complaint, accepted as true and construed in Plaintiffs' favor." [*Id.* at 8]. Plaintiffs take repeated issue with the fact that the Court "faulted Plaintiffs for failing to provide 'evidence,' 'additional allegations or evidence' or further proof of how their reputations and social standing were harmed." Plaintiffs argue that if standing is dependent upon allegations in the Complaint, the Court should accept Plaintiffs' pleaded factual allegations as true and draw reasonable inferences in their favor without requiring Plaintiffs to prove their injuries before discovery.

The Court did not require Plaintiffs to provide their injuries before discovery. Instead, the Court conducted an analysis on Article III standing, using the following standard.

> And, for there to be standing, the plaintiff must demonstrate "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Browne*, 2025 U.S. Dist. LEXIS 228516, at *3-4 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

> Requiring a "personal stake" in the case ensures "that the named plaintiff was actually injured and is entitled to an adjudication of the claim asserted, not merely abstractly distressed by unfounded fears or a wrong suffered by the public at large." *Maldonado v. Pro. Animal Ret. Ctr.*, 2026 U.S. Dist. LEXIS 75758, at *8 (N.D. Ind. Apr. 1, 2026) (citing *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154, 156 (4th Cir. 2000)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *LJM Partners, Ltd. v. Barclays Cap., Inc.*, 165 F.4th 552, 565 (2026) (quoting Lujan, 504 U.S. at 560). Although concrete injuries may be tangible or intangible, they must be "real[] and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016)

(internal quotation marks omitted). In other words, an injury "must actually exist." *Id.*

The plaintiff has the burden of establishing that an actual case or controversy exists, *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013), and he must make the required showing "with the manner and degree of evidence required at the successive stages of the litigation…". *Maldonado*, 2026 U.S. Dist. LEXIS 75758, at \*8…

[DE 60, Page 2]. It was Plaintiffs' burden to allege sufficient factual content to establish that an actual case or controversy exists. Plaintiffs' Complaint contained very few allegations involving Plaintiffs themselves; largely, the Complaint referenced alleged harms to "mainland China" and Chinese people generally, which, as described above, are more akin to "wrong[s] suffered by the public at large." *See Maldonado*, 2026 U.S. Dist. LEXIS 75758, at \*8 (citing *Friends of the Earth, Inc.*, 204 F.3d at 154, 156). As another example, it is insufficient to simply allege that "The plaintiff is also deeply harmed by this." *See* [DE 1, Pages 31-32 ¶ 71]. Statements such as this leave the Court wondering what is the particularized harm to Plaintiffs.

Plaintiffs next contend that the Court "selectively read Paragraph 99 and failed to liberally construe the pro se Complaint," because the Court found that despite the phrasing that Plaintiffs "brought this action 'primarily for [them]selves,'" that the allegations seemed to, again, implicate harms to Chinese people generally. [DE 62 at 13]. Stating that an action is brought for a particular plaintiff does not make it so. Plaintiffs needed to allege "concrete and particularized" injuries distinct to them and failed to do so.

Plaintiffs also claim that the Court was contradictory by identifying "several paragraphs alleging injuries suffered by Plaintiffs personally, yet treated those allegations as generalized public grievances." [DE 62 at 12]. This is a mischaracterization of the Court's order. Of Plaintiffs' 100+ paragraph Complaint, the Court was able to identify only six paragraphs that implicated Plaintiffs *at all*. The Court discussed how those paragraphs were insufficient

4

allegations to support particularized harm to Plaintiffs which would satisfy standing; this was not contradictory.

Plaintiffs argue that the Court "erroneously separated group-based stigmatization from Plaintiffs' personal injuries…". [DE 62 at 14]. Plaintiffs go on to state that they "may" be injured by group-based stigmatization. [*Id.*]. However, as discussed above, hypothetical injuries will not suffice. "A plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *LJM Partners, Ltd.*, 165 F.4th at 565 (quoting *Lujan*, 504 U.S. at 560). The same is true of Plaintiffs' argument that the "Court erred by rejecting Plaintiffs' family-education injury on the ground that Plaintiffs are not children." [DE 62 at 13]. Plaintiffs' own supporting allegations are fatal to their argument: "As parents and members of a Chinese family, Plaintiffs *may* suffer concrete personal injuries…". [*Id.* (emphasis added)]. Hypothetical or future injuries are not sufficient to satisfy Article III standing.

Plaintiffs go on to argue that the Court accepted "Defendant's motion to dismiss," but that's simply untrue where the Court dismissed their Complaint for lack of standing, not any substantive argument made by Defendant. [DE 62 at 9]. The Court did not evaluate the Defendant's Motion to Dismiss or other briefing.

Plaintiffs then contend that the Court "committed procedural error and created manifest injustice by dismissing this action by final judgment without meaningfully addressing Plaintiffs' pending request for prospective injunctive relief and Plaintiffs' specific allegations…". [DE 62 at 9]. *See* [*Id.* at 14]. However, where a litigant lacks Article III standing, the Court lacks jurisdiction to consider substantive issues, including "prospective injunctive relief and Plaintiffs' specific allegations…". *See Impact Holdings LLC v. Coupled Prods. LLC*, 2025 U.S. Dist.

LEXIS 159541, at *5 (N.D. Ind. Aug. 15, 2025) (citing *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 639 (7th Cir. 2017)) ("Article III of the Constitution limits the jurisdiction of federal courts to cases or controversies.). *See* U.S. Const. art. III, § 2. Plaintiffs further contend that the "Court has the constitutional authority and responsibility to ascertain the constitutional facts concerning the alleged 'genocide' and 'crimes against humanity.'" [DE 62 at 11]. But again, without standing, the Court has no jurisdiction, let alone "constitutional authority," to ascertain any facts.

None of Plaintiffs' arguments identify manifest error committed by this Court, and for this reason, the Rule 59(e) Motion fails. However, Plaintiffs also request leave to file an amended complaint, which purportedly cures any deficiencies in the original Complaint. In response, Defendant argues "…after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) or Rule 60(b) has been made and the judgment has been set aside or vacated." *Vesely v. Armslist LLC*, 762 F.3d 661, 666–67 (7th Cir. 2014) (quoting *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1179 (7th Cir.1992)); *see Amendola v. Bayer*, 907 F.2d 760, 765 n. 1 (7th Cir.1990) ("In this circuit, after judgment has been entered a party must have the judgment reopened pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) and then request leave to amend pursuant to Rule 15(a)."). The Court agrees.

Here, because Plaintiffs' Rule 59(e) Motion is denied, Plaintiffs may not file an Amended Complaint under Rule 15(a). However, even if the Court were to grant Plaintiffs' Rule 59(e) Motion, which it will not, Plaintiffs' proposed Amended Complaint does not remedy the deficiencies in their first Complaint, and therefore, amendment would be futile. *Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (citing *Perrian v. O'Grady*, 958 F.2d 192,

194 (7th Cir. 1992)) (Leave to amend is "inappropriate where there is … futility of the amendment.").

In paragraph 108 of the Amended Complaint, Plaintiffs attempt to allege harm sufficient to satisfy standing. [DE 62-1, Pages 57-60]. Plaintiff Bing Chen states he was ignored in twitter discourse, and that at a seminar he was attacked and humiliated for sharing his views. [*Id.*]. He alleges that these harms show "Defendant's challenged materials have contributed to a hostile and stigmatizing public environment…". [*Id.*]. Plaintiff Bing Chen also alleges that the "social environment created and reinforced by defamatory conduct such as Defendant's" has created "difficulties" in his research and ability to participate in public discord. [*Id.*]. Because Plaintiff is pro se, he cannot represent others, and therefore, the allegations involving Jie Chen, Marco Chen, and the school-aged child will not be analyzed.

As discussed above, the legal standard requires that the plaintiff must demonstrate "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Browne*, 2025 U.S. Dist. LEXIS 228516, at *3-4 (citing *Lujan*, 504 U.S. 555, 560 (1992)). Even if Plaintiffs' allegations could be said to be "concrete, particularized, and actual or imminent," which the Court does not believe they are, these allegations do not satisfy the second or third prongs of the test. Being ignored on twitter by other users or receiving unfavorable feedback at a seminar are not harms which can be addressed by judicial relief, even if they could be fairly traced to Defendant's actions, which the Court is again skeptical of.

*Conclusion*

For the foregoing reasons, Plaintiffs' Rule 59(e) Motion, [DE 62], is DENIED, as is their request for leave to file an amended complaint. Plaintiffs are ORDERED to cease filing on this docket.

SO ORDERED.

ENTERED: July 17, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

8