UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BING CHEN, et al.,

    Plaintiffs,

v.

UNIVERSITY OF NOTRE DAME,

    Defendant.

Case No. 3:26-CV-301-GSL-SJF

## OPINION AND ORDER

Plaintiff filed a Motion for Recusal pursuant to 28 U.S.C. §§ 455(a), 144. [DE 70]. For

the reasons below, Plaintiff's Motion is DENIED.

*Legal Standard*

Plaintiff seeks disqualification pursuant to 28 U.S.C. §§ 455(a), 144. Beginning with

Section 455(a), it provides: "Any justice, judge, or magistrate judge of the United States shall

disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

28 U.S.C. § 455(a). This section is the "catchall recusal provision, covering both interest and

relationship and bias and prejudice grounds." *Liteky v. United States,* 510 U.S. 540, 548 (1994)).

The Seventh Circuit has found that that Section 455(a) "asks whether a reasonable person

perceives a significant risk that the judge will resolve the case on a basis other than the merits.

This is an objective inquiry." *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996) (quoting *In re*

*Mason,* 916 F.2d 384, 385-86 (7th Cir. 1990)). The search is for a risk "substantially out of the

ordinary." *Id.*

On the other hand, Section 144 provides that:

> Whenever a party to any proceeding in a district court makes and
> files a timely and sufficient affidavit that the judge before whom the

> matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

### *Discussion*

As an initial matter, and as discussed in this Court's Order denying Plaintiff's Motion for Reconsideration, Plaintiff Bing Chen is proceeding pro se, and therefore, may not represent other parties; he may only represent himself. *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) ("[Plaintiff] was free to represent himself, but as a non-lawyer he has no authority to appear as [another litigant's] legal representative."). *See Rodgers v. TransUnion*, LLC, 2026 U.S. Dist. LEXIS 120470, at *11 (N.D. Ind. May 12, 2026) ("Plaintiff is proceeding pro se without a lawyer in this case and as such, [he] cannot bring claims on behalf of others on a class basis or otherwise represent any other person in federal court."). Plaintiff should cease representation of all other parties immediately.

Moving now to the merits of Plaintiff's Motion, first, Plaintiff argues that because three successive judges have recused themselves, "this highly unusual procedural history objectively heightens public attention regarding the transparency and neutrality of the subsequent proceedings." [DE 70, Page 5]. Given that the inquiry is for identification of a risk that is "substantially out of the ordinary," this argument is unavailing, or every case with multiple

recusals would require additional recusals as a result. *Hook,* 89 F.3d at 354 (citing *In re Mason,* 916 F.2d at 385-86).

Second, Plaintiff argues that because Notre Dame is an "institution with immense educational, religious, legal, and social influence," a reasonable observer, viewing this influence in conjunction with the multiple prior recusals, "might reasonably wonder whether this case is receiving the same open, neutral, and exhaustive scrutiny as a dispute involving ordinary litigants." [*Id.* at 5-6]. Here again, Plaintiff has not identified any risk that is "substantially out of the ordinary," or each case involving Defendant would have to be transferred out of this judicial district.

Third, Plaintiff argues that "Defendant's public statements regarding alleged rape, murder, and genocide" are entirely devoid of factual support and constitute discrimination, demonizing and defamatory rhetoric against Chinese individuals and harm the public interest of the American people. [*Id.* at 6]. Similarly, Fourth, Plaintiff argues that they have demonstrated Defendant utilized and manipulated a UN Assessment Report to defame, discriminate, and continue disseminating false information. [*Id.*]. However, these arguments do not address the standard under Section 455(a), and therefore, are unpersuasive to the Court.

Fifth, Plaintiff argues that the Court entered final judgment dismissing Plaintiff's Complaint due to lack of standing, without affording Plaintiff the chance to amend, despite the timely filed Motion for Reconsideration. [*Id.* at 7]. Likewise, Sixth, Plaintiff argues that he is not just expressing dissatisfaction with the Court's decision, but instead, identifies specific and concrete errors in the Court's decision. [*Id.*]. The Court explained in its Order resolving Plaintiff's Motion for Reconsideration that their proposed First Amended Complaint did not contain allegations sufficient to satisfy Article III standing. This argument does not appear to be

based on a risk "substantially out of the ordinary," but instead, on a disagreement with the Court's decision. This is an insufficient ground for the Court to recuse from this matter.

Finally, Plaintiff argues the "cumulative impact of multiple prior recusals, the local influence of the defendant institution, the denial of an initial opportunity to amend, and the specific challenges raised against the Court's pleading standard," could cause a reasonable observer to harbor "reasonable doubts regarding the perceived independence of this post-judgment review." [*Id.*]. Plaintiff further argues that the Court "improperly substituted its own subjective assessment of how harmful Defendant's publications should have been for Plaintiffs' pleaded account of the injuries they actually experienced." [*Id.* at 8]. These arguments do not identify a risk "substantially out of the ordinary," and therefore, the arguments fail.

Plaintiff's arguments fail to support recusal under Section 455. However, the Court will now evaluate whether the affidavit, provided at [DE 70-2], contains sufficient grounds for recusal under Section 144. Plaintiff's affidavit largely reiterates the same arguments made in the Motion, which were analyzed above. Plaintiff believes recusal is appropriate because three prior judges have recused, because Defendant is a "prominent" institution with influence in the judicial district, because the Magistrate Judge "supported Defendant's motion" without oral argument from Plaintiff, because the Court failed to provide Plaintiff with an opportunity to amend, and finally, because the Court denied Plaintiff's Motion to Reconsider. [*Id.* at 2-3]. These arguments fail to identify "personal bias or prejudice" against Plaintiff in favor of the adverse party. *See* 28 U.S.C. § 144.

4

*Conclusion*

Plaintiff failed to meet the burden under either Section 455 or Section 144 to establish that recusal is necessary. As a result, Plaintiff's Motion for Recusal, [DE 70], is DENIED. Plaintiff is CAUTIONED against filing additional pro se motions purporting to represent parties other than himself.

SO ORDERED.

ENTERED: August 13, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court